**Order entered January 26, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01586-CV

### BRIDGET PARSON, Appellant

### V.

### US BANK NATIONAL ASSOCIATION, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-09716**

## ORDER

On January 9, 2015 appellant filed her Emergency Motion for Temporary Injunction, Automatic Stay Prohibiting Foreclosure Sale Pending Litigation. In her emergency motion, appellant sought affirmative relief from this court staying a pending foreclosure sale, but did not advise the court that she had filed a petition in bankruptcy court prior to seeking relief in this court. We denied appellant's emergency motion by written order dated January 12, 2015.

Thereafter appellee notified the Court appellant filed a prior voluntary bankruptcy petition under chapter 13 of the United States Bankruptcy Code on January 5, 2015. To date, appellant has not advised the Court of the status of her bankruptcy but continues to file pleadings in this case seeking affirmative relief, including most recently her January 21, 2015 motion for reconsideration.

Based on the notice of bankruptcy, we **VACATE** our January 12, 2015 order denying appellant's Emergency Motion for Temporary Injunction, Automatic Stay Prohibiting Foreclosure Sale Pending Litigation and further **VACATE** our January 23, 2015 order denying reconsideration of our January 12, 2015 .

Pursuant to 11 U.S.C. § 362 further action in this cause is automatically stayed until further order of the bankruptcy court. *See* TEX. R. APP. P. 8.2. Accordingly, for administrative purposes, this case is **ABATED** and will be treated as a closed case. It may be reinstated on prompt motion by any party showing that the stay has been lifted and specifying what further action, if any, is required from this Court. *See* Tex. R. App. P. 8.3.

We will take no further action on appellant's Emergency Motion for Temporary Injunction, Automatic Stay Prohibiting Foreclosure Sale Pending Litigation, on her motion for reconsideration, or on any other requests for affirmative relief filed by appellant in this case pending a showing that the automatic stay has been lifted.

We caution appellant that although she is proceeding pro se in this matter, she has a duty of candor to this Court and any further failure by appellant to advise the Court of relevant facts regarding this proceeding will result in all appropriate sanctions.


/s/     CAROLYN WRIGHT
CHIEF JUSTICE